**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SMART SOLAR INC. d/b/a SMART LIVING HOME & GARDEN | ) ) | |
| | ) | Civil Action No. 17-cv-4211 |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| SKY BILLIARDS, INC. d/b/a BEST CHOICE PRODUCTS, | ) ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT,**
**TRADE DRESS INFRINGEMENT, FALSE ADVERTISING, AND**
**UNFAIR COMPETITION**

Plaintiff, Smart Solar Inc. d/b/a Smart Living Home & Garden, by and through their

attorneys, complain of Defendant, Sky Billiards, Inc. d/b/a Best Choice Products as follows:

**The Parties**

1. Plaintiff, Smart Solar Inc. d/b/a Smart Living Home & Garden ("Smart Living"),

is a corporation organized and existing under the laws of the State of Wyoming, having a

principal place of business at 1203 Loyola Drive, Libertyville, Illinois 60048.

2. Smart Living owns the copyrights and trade dress that are at issue in this action.

3. Upon information and belief, Defendant Sky Billiards, Inc. d/b/a Best Choice

Products ("Best Choice Products") is a corporation organized and existing under the laws of the

State of California, having a principal place of business at 5642 E. Ontario Mills Parkway

Ontario, California 91764.

4. Defendant is registered to do business in the State of Indiana under Business ID

2012033000225, and has a registered agent at 7868 Allison Avenue Indianapolis, IN 46268.

1

## Nature of the Action

5.      This is a civil action for copyright infringement, trade dress infringement, false advertising, unfair competition, and violation of applicable, related state statutory and common law.  This action arises under the Copyright Act, 17 U.S.C. §§ 101 et seq., the Lanham Act, 15 U.S.C. §§ 1125 et seq., the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq., and common law.

## Jurisdiction and Venue

6.      This Court has jurisdiction over Defendant because, upon information and belief, Defendant has committed and/or threatened to commit acts of infringement, false advertising, and unfair competition in this District, and this action arises from those acts.  Defendant transacts business in Illinois, at least by offering to sell, selling, and/or advertising birdbaths, fountains, and lanterns in such a way to reach customers in Illinois and this District.  Defendant has purposefully availed itself of the privilege of conducting business in this District.

7.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Further, this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the matters in controversy exceed the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.  Upon information and belief, Defendant has sold and distributed the infringing products throughout the United States as well as in this District, and has thereby committed the complained-of acts of copyright and trade dress infringement; false advertising; and unfair competition in this District.  Venue is also proper in this District because Smart Living is located in this District, Smart

Living sells its products within this District, and the injury and damage to Smart Living occurred in this District.

**Smart Living's Birdbaths and Fountains**

9.      Smart Living is and has been engaged in the design, development, and sale of decorative birdbaths and fountains.  Smart Living has developed a line of birdbaths and fountains with solar power water pumps for circulating water within the birdbaths and fountains.

10.      Smart Living is and has been marketing and selling the Smart Living Country Gardens Solar Birdbath ("Smart Living Country Gardens Birdbath product") in Illinois and throughout the United States in interstate commerce continuously since at least 2005, including model 20622R01 (shown in Exhibit 1).  Smart Living markets and sells the Smart Living Country Gardens Birdbath product through online marketplaces, such as Amazon.com, Walmart.com, Sears.com, Jet.com, Home Depot.com, and Hayneedle.com.

11.      Smart Living is and has been marketing and selling the Smart Living Portsmouth Solar Bird Bath Fountain ("Smart Living Portsmouth Birdbath product") in Illinois and throughout the United States in interstate commerce continuously since at least 1999, including model 20623R01 (shown in Exhibit 2).  Smart Living markets and sells the Smart Living Portsmouth Birdbath product through online marketplaces, such as Hayneedle.com.

12.      Smart Living is and has been marketing and selling the Smart Living Chatsworth 2-Tier Solar Fountain ("Smart Living Chatsworth Fountain product") in Illinois and throughout the United States in interstate commerce continuously since at least 2005.  Smart Living has marketed and sold multiple models of the Smart Living Chatsworth Fountain product, including 24260RM1 (On-Demand, Bronze) (shown in Exhibit 3) and 24220R01 (Weathered Stone).

13.     Smart Living markets and sells the Smart Living Chatsworth Fountain product through online marketplaces, such as such as Amazon.com, Walmart.com, Sears.com, Jet.com, and Hayneedle.com.

14.     Smart Living is and has been marketing and selling the Smart Living Ceramic Solar Cascade Fountain ("Smart Living Cascade Fountain product") in Illinois and throughout the United States in interstate commerce continuously since at least 1999.  Smart Living has been marketing and has been selling multiple models of the Smart Living Cascade Fountain product, including 23941R01 (Lava), 23931R01 (Bamboo), 23967R01 (Blueberry), 23963R01 (Kiwi), and 23964R01 (Tangerine) (shown in Exhibit 4).

15.     Smart Living markets and sells the Smart Living Cascade Fountain product through online marketplaces, such as such as Amazon.com, eBay.com, Walmart.com, Sears.com, Jet.com, Home Depot.com, Hayneedle.com, Target.com, and Wayfair.com.

16.     The Smart Living Country Gardens Birdbath product, the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product (Bronze), and the Smart Living Cascade Fountain product (Lava) are shown below:

 

**Smart Living Country Gardens Birdbath product**          **Smart Living Portsmouth Birdbath product**

 

**Smart Living Chatsworth Fountain product**     **Smart Living Cascade Fountain product**

**Smart Living's Lanterns**

17.     Smart Living is and has been engaged in the design, development, and sale of decorative lighting.  Smart Living has developed, for example, solar power lanterns.

18.     Smart Living is and has been marketing and selling the Smart Living San Rafael Estate Solar Lantern ("Smart Living San Rafael Lantern product") in Illinois and throughout the United States in interstate commerce continuously since at least 2009, including model 3900KR1 (shown in Exhibit 5).

19.     Smart Living is and has been marketing and selling the Smart Living San Rafael II Solar Mission Lantern ("Smart Living San Rafael II Lantern product") in Illinois and throughout the United States in interstate commerce continuously since at least 2010, including model 3960KR1 (shown in Exhibit 6).  The San Rafael II Lantern product is a proportional reduction of the San Rafael Lantern product.

20.     Smart Living markets and sells the Smart Living San Rafael Lantern product and the Smart Living San Rafael II Lantern product (collectively "Smart Living San Rafael Lantern products") through online marketplaces, such as Amazon.com, Walmart.com, Sears.com, Jet.com, HomeDepot.com, Target.com, Hayneedle.com, and Wayfair.com.

21.    The Smart Living San Rafael Lantern products are depicted below:

 

**Smart Living San Rafael**      **Smart Living San Rafael II**
**Lantern product**              **Lantern product**

**Smart Living's Copyrights**

22.    Smart Living has copyright in the design of the Smart Living Country Gardens Birdbath product.  Smart Living is the owner of "Country Gardens Solar Birdbath," U.S. Copyright Registration No. VAu 999-024, effective date of registration August 24, 2009 ("the '024 Registration").  A true and correct copy of the '024 Registration with deposit material is attached as Exhibit 7.

23.    Smart Living independently selected, arranged, and designed at least the following elements as arranged in Exhibit 1 and described herein: (i) decorative leaves on the pedestal, (ii) decorative dragonflies on the column, (iii) decorative leaves on the bowl, (iv) decorative turtles on the bowl, (v) decorative ridging on the bottom of the column, (vi) decorative ridging at the top of the column, (vii) the diameter of the column and the variations in the diameter throughout the length of the column, and (viii) the degree of curvature of the bowl and the variations in the degree of curvature of the bowl.  At a minimum, such selection,

6

arrangement, and design comprises original aspects of Smart Living's protectable copyright in the design of the Smart Living Country Gardens Birdbath product.

24.     The product listing on Smart Living's website for the Smart Living Country Gardens Birdbath product includes copyright notice text and the "©" copyright notice. *See, e.g.*, Exhibit 1.

25.     Smart Living has copyright in the design of the Smart Living Portsmouth Birdbath product.  Smart Living is the owner of "Portsmouth Solar Birdbath," U.S. Copyright Registration Certificate No. VAu 999-023, effective date of registration August 24, 2009 ("the '023 Registration").  A true and correct copy of the '023 Registration with deposit material is attached as Exhibit 8.

26.     Smart Living independently selected, arranged, and designed at least the following elements as arranged in Exhibit 2 and described herein: (i) decorative petals on the pedestal, (ii) decorative ridging on the bottom of the column, (iii) decorative elongated protuberances at the bottom of column, (iv) decorative ridging at the top of the column, (v) decorative petals on the top of the column, (vi) the diameter of the column and the variations in the diameter throughout the length of the column, (vii) the decorative arrangement of semicircles and diamonds on the bowl, and (viii) the degree of curvature of the bowl and the variations in the degree of curvature of the bowl.  At a minimum, such selection, arrangement, and design comprises original aspects of Smart Living's protectable copyright in the design of the Smart Living Portsmouth Birdbath product.

27.     The product listing on Smart Living's website for the Smart Living Portsmouth Birdbath product includes copyright notice text and the "©" copyright notice. *See, e.g.*, Exhibit 2.

7

**Smart Living's Trade Dress**

28.     In connection with marketing and selling its birdbaths, fountains, and lanterns, Smart Living has extensively displayed and advertised the design of the Smart Living Country Gardens Birdbath product, the design of the Smart Living Portsmouth Birdbath product, the design of the Smart Living Chatsworth Fountain product, the design of the Smart Living Cascade Fountain product, and the design of the Smart Living San Rafael products.  These products each have trade dress that has become uniquely associated with Smart Living.

29.     For the Smart Living Country Gardens Birdbath product, Smart Living's protectable trade dress, as shown, for example in the product depicted in Exhibit 1, includes at least the elements as arranged in Exhibit 1 and described in paragraph 23.

30.     Smart Living's choices for the decorative design of its Smart Living Country Gardens Birdbath product were arbitrary and the design is not functional.  The overall look and arrangement of the elements of the Smart Living Country Gardens Birdbath product described in paragraph 23 and as shown in Exhibit 1 is not essential to the use of the Smart Living Country Gardens Birdbath product.  Use of the trade dress for the Smart Living Country Gardens Birdbath product does not make the Smart Living Country Gardens Birdbath product inherently better or provide any non-reputation-based advantage.

31.     For the Smart Living Portsmouth Birdbath product, Smart Living's protectable trade dress, as shown, for example in the product depicted in Exhibit 2, includes at least the elements as arranged in Exhibit 2 and described in paragraph 26.

32.     Smart Living's choices for the decorative design of its Smart Living Portsmouth Birdbath product were arbitrary and the design is not functional.  The overall look and arrangement of the elements of the Smart Living Portsmouth Birdbath product described in

8

paragraph 26 and as shown in Exhibit 2 is not essential to the use of the Smart Living Portsmouth Birdbath product. Use of the trade dress for the Smart Living Portsmouth Birdbath product does not make the Smart Living Portsmouth Birdbath product inherently better or provide any non-reputation-based advantage.

33. For the Smart Living Chatsworth Fountain product, Smart Living's protectable trade dress, as shown, for example in the product depicted in Exhibit 3, includes at least the following elements as arranged in Exhibit 3 and described herein: (i) decorative steps in the pedestal, (ii) decorative ridging in the column, (iii) the diameter of the column and the variations in the diameter throughout the length of the column, (iv) decorative ridging in the large bowl, (v) the degree of curvature of the large bowl and the variations in the degree of curvature of the large bowl, and (vi) decorative ridging in the small bowl.

34. Smart Living's choices for the decorative design of its Smart Living Chatsworth Fountain product were arbitrary and the design is not functional. The overall look and arrangement of the elements of the Smart Living Chatsworth Fountain product described in paragraph 33 and as shown in Exhibit 3 is not essential to the use of the Smart Living Chatsworth Fountain product. Use of the trade dress for the Smart Living Chatsworth Fountain product does not make the Smart Living Chatsworth Fountain product inherently better or provide any non-reputation-based advantage.

35. For the Smart Living Cascade Fountain product, Smart Living's protectable trade dress, as shown, for example in the product depicted in Exhibit 4, includes at least the following elements as arranged in Exhibit 4 and described herein: (i) decorative arrangement of the pitcher above the large basin and the intermediate basins, (ii) decorative arrangement of each intermediate basin with respect to the other intermediate basins, (iii) decorative arrangement of

the intermediate basins above the large basin, (iv) decorative shape of spouts in the intermediate

basins, (v) dimensions of pitcher, including the diameter of the pitcher and the variations in the

diameter, (vi) dimensions of the intermediate basins, including the diameter of the basins and

including the degree of curvature of the basins and the variations in the degree of curvature, (vii)

dimensions of large basin, including the diameter of the basin and including the degree of

curvature of the basis and the variations in the degree of curvature, and (viii) curved shape of

frame that supports the pitcher, intermediate basins, and large basin.

36.     Smart Living's choices for the decorative design of its Smart Living Cascade

Fountain product were arbitrary and the design is not functional.  The overall look and

arrangement of the elements of the Smart Living Cascade Fountain product described in

paragraph 35 and as shown in Exhibit 4 is not essential to the use of the Smart Living Cascade

Fountain product.  Use of the trade dress for the Smart Living Cascade Fountain products does

not make the Smart Living Cascade Fountain product inherently better or provide any non-

reputation-based advantage.

37.     For the Smart Living San Rafael Lantern products, Smart Living's protectable

trade dress, as shown, for example in the products depicted in Exhibits 5 and 6, includes at least

the following elements as arranged in Exhibits 5 and 6 and described herein: (i) decorative

bubble features in panes, (ii) decorative truncated square pyramid top, including decorative

ridging around the bottom of the top-portion, (iii) decorative frame around all four sides of the

lantern including decorative ridging around the top and bottom of the frame, decorative vertical

grooves on both sides of all four corners of the frame, and decorative "grilles" consisting of two

vertical and two horizontal members on all four sides of the lantern, (iv) decorative flame-shaped

10

bulb, (v) decorative cylindrical candle with bowl-shaped top, and (vi) decorative circular candle base with ridging.

38. Smart Living's choices for the decorative design of its Smart Living San Rafael Lantern products were arbitrary and the design is not functional. The overall look and arrangement of the elements of the Smart Living San Rafael Lantern products described in paragraph 37 and as shown in Exhibits 5 and 6 is not essential to the use of the Smart Living San Rafael Lantern products. Use of the trade dress for the Smart Living San Rafael Lantern products does not make the Smart Living San Rafael Lantern products inherently better or provide any non-reputation-based advantage.

39. Smart Living's trade dress for the Smart Living Country Gardens Birdbath product, the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product, the Smart Living Cascade Fountain product, and the Smart Living San Rafael Lantern products is each inherently distinctive and has also acquired distinctiveness through secondary meaning.

40. Smart Living has spent substantial sums advertising and promoting the Smart Living Country Gardens Birdbath product, the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product, the Smart Living Cascade Fountain product, and the Smart Living San Rafael Lantern products, and associated designs. Advertising has occurred in Illinois and throughout the United States, in trade publications, at trade shows, through catalogs and in-store displays, and on the Internet. Smart Living has sold substantial quantities of the Smart Living Country Gardens Birdbath product, the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product, the Smart Living Cascade Fountain product, and the Smart Living San Rafael Lantern products in Illinois and throughout the United States.

11

41.     As a result of Smart Living's advertising and promotion, the trade dress for the Smart Living Country Gardens Birdbath product, the trade dress for the Smart Living Portsmouth Birdbath product, the trade dress for the Smart Living Chatsworth Fountain product, the trade dress for the Smart Living Cascade Fountain product, and the trade dress for the Smart Living San Rafael Lantern products each have achieved secondary meaning.

42.     The trade dress for the Smart Living Country Gardens Birdbath product, the trade dress for the Smart Living Portsmouth Birdbath product, the trade dress for the Smart Living Chatsworth Fountain product, the trade dress for the Smart Living Cascade Fountain product, and the trade dress for the Smart Living San Rafael Lantern products are each recognized by the consuming public as signifying that Smart Living is the source of origin for the Smart Living Portsmouth Birdbath product, the Smart Living Country Gardens Birdbath product, the Smart Living Chatsworth Fountain product, the Smart Living Cascade Fountain product, and the San Rafael Lantern products, respectively, and that the respective product is reliable and of high quality.

**Defendant's Wrongful Conduct**

43.     Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports into the United States a variety of consumer products, including birdbaths, fountains, and lanterns.

44.     Upon information and belief, Defendant has a facility in Plainfield, Indiana and ships products from the facility and/or fulfils orders for products from the facility.

45.     As described herein, Defendant's birdbaths, fountains, and lanterns are knock-offs or imitations of Smart Living's products and infringe Plaintiffs' intellectual property rights.

46.     Defendant has been accused of infringing intellectual property rights in multiple other cases. *PetEdge, Inc. v. Sky Billiards, Inc.*, 14-cv-14477 (D. Mass.) (patent for pet ramp); *Core Distribution, Inc. v. Sky Billiards, Inc.*, 15-cv-2103 (D. Minn.) (patent for ladder); *Ferrellgas, L.P. v. Best Choice Products*, 16-cv-259 (M.D.N.C.) (trademark); *Blue Rhino Global Sourcing, Inc. v. Best Choice Products*, 17-cv-69 (M.D.N.C.) (patent for heaters); *Great American Duck Races, Inc. v. Sky Billiards, Inc.*, 17-cv-1943 (D. Ariz.) (copyright and trademark for toy duck). Upon information and belief, these cases show a pattern of Defendant's willful infringement of intellectual property rights.

**A.  Defendant's Copying of the Smart Living Country Gardens Birdbath Product**

47.     Defendant is and/or has been making, using, offering to sell, selling, and/or importing into the United States Item No. SKY3258 Best Choice Products Solar Birdbath Fountain With Integrated Solar Panel ("Best Choice SKY3258 Birdbath product") (shown in Exhibit 9).

48.     Upon information and belief, Defendant is and/or has been making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY3258 Birdbath product through its own website (www.bestchoiceproducts.com) and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

49.     Upon information and belief, the Best Choice SKY3258 Birdbath product is advertised and promoted through the same or overlapping media as the Smart Living Country Gardens Birdbath product and in the same channels of trade.

50.     A side-by-side comparison of the Smart Living Country Gardens Birdbath product (left side) and the Best Choice SKY3258 Birdbath product (right side) is shown below:



**Smart Living Country Gardens**     **Best Choice SKY3258**
**Birdbath product**                   **Birdbath product**

Additional side-by-side comparisons of the Smart Living Country Gardens Birdbath product and the Best Choice SKY3258 Birdbath product are shown in Exhibit 10.

51. Defendant's making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY3258 Birdbath product—which, as seen above, appears to be a knock-off or imitation of the Smart Living Country Gardens Birdbath product—is and/or has been damaging Smart Living's reputation as a retailer of high-quality birdbaths and fountains and its standing in the marketplace. In addition, Defendant's sales of the Best Choice SKY3258 Birdbath product, which retail at a lower price point than the Smart Living Country Gardens Birdbath product, are and/or has been causing Smart Living to suffer lost profits and price erosion.

**B. Defendant's Copying of the Smart Living Portsmouth Birdbath Product**

52. Defendant is and/or has been making, using, offering to sell, selling, and/or importing into the United States Item No. SKY3151 Best Choice Products Solar Birdbath

14

Fountain With LED Lights And Integrated Solar Panel ("Best Choice SKY3151 Birdbath product") (shown in Exhibit 11).

53.     Upon information and belief, Defendant is and/or has been making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY3151 Birdbath product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

54.     Upon information and belief, the Best Choice SKY3151 Birdbath product is advertised and promoted through the same or overlapping media as the Smart Living Portsmouth Birdbath product and in the same channels of trade.

55.     A side-by-side comparison of the Smart Living Portsmouth Birdbath product and the Best Choice SKY3151 Birdbath product is shown below:



**Smart Living Portsmouth
Birdbath product**          **Best Choice SKY3151
Birdbath product**

Additional side-by-side comparisons of the Smart Living Portsmouth Birdbath product and the Best Choice SKY3151 Birdbath product are shown in Exhibit 12.

56. Defendant's making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY3151 Birdbath product—which, as seen above, appears to be a knock-off or imitation of the Smart Living Portsmouth Birdbath product—is and/or has been damaging Smart Living's reputation as a retailer of high-quality birdbaths and fountains and its standing in the marketplace.

### C. Defendant's Copying of the Smart Living Chatsworth Fountain Product

57. Defendant is and has been making, using, offering to sell, selling, and/or importing into the United States Item No. SKY2532 Best Choice Products Solar Power 2 Tier Weathered Stone Bird Bath Fountain Gray ("Best Choice SKY2532 Fountain product") (shown in Exhibit 13).

58. Upon information and belief, Defendant is and has been making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY2532 Fountain product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

59. Upon information and belief, the Best Choice SKY2532 Fountain product is advertised and promoted through the same or overlapping media as the Smart Living Chatsworth Fountain product and in the same channels of trade.

60. A side-by-side comparison of the Smart Living Chatsworth Fountain product (Bronze, left side) and the Best Choice SKY2532 Fountain product (right side) is shown below:



**Smart Living Chatsworth
Fountain product**　　　　**Best Choice SKY2532
Fountain product**

Additional side-by-side comparisons of the Smart Living Chatsworth Fountain product (Bronze)

and the Best Choice SKY2532 Fountain product are shown in Exhibit 14.

61.　　Defendant's making, using, offering to sell, selling, and/or importing into the

United States the Best Choice SKY2532 Fountain product—which, as seen above, appears to be

a knock-off or imitation of the Smart Living Chatsworth Fountain product—is damaging Smart

Living's reputation as a retailer of high-quality birdbaths and fountains and its standing in the

marketplace. In addition, Defendant's sales of the Best Choice SKY2532 Fountain product,

which retail at a lower price point than the Smart Living Chatsworth Fountain product (Bronze),

are causing Smart Living to suffer lost profits and price erosion.

**D. Defendant's Copying of the Smart Living Cascade Fountain Product**

62.　　Defendant is and/or has been making, using, offering to sell, selling, and/or

importing into the United States multiple models of Best Choice Products Ceramic Solar Water

Fountain Garden Zen Free Standing Weather Proof (collectively "Best Choice Ceramic Fountain

product"), including Item No. Item No. SKY2518 (Red), Item No. SKY1856 (Green), SKY1857 (Grey), and SKY1855 (Lava Red) (shown in Exhibit 15).

63.     Upon information and belief, Defendant is and/or has been making, using, offering to sell, selling, and/or importing into the United States the Best Choice Ceramic Fountain product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

64.     Upon information and belief, the Best Choice Ceramic Fountain product is advertised and promoted through the same or overlapping media as the Smart Living Cascade Fountain product and in the same channels of trade.

65.     A side-by-side comparison of the Smart Living Cascade Fountain product (Lava), left side, and the Best Choice Ceramic Fountain product (Red), right side, is shown below:



**Smart Living Cascade**          **Best Choice Ceramic**
**Fountain product**              **Fountain product**

Additional side-by-side comparisons of the Smart Living Cascade Fountain product (Lava) and the Best Choice Ceramic Fountain product (Red) are shown in Exhibit 16.

18

66.     Defendant's making, using, offering to sell, selling, and/or importing into the United States the Best Choice Ceramic Fountain product—which, as seen above, appears to be a knock-off or imitation of the Smart Living Cascade Fountain product—is and/or has been damaging Smart Living's reputation as a retailer of high-quality birdbaths and fountains and its standing in the marketplace.  In addition, Defendant's sales of the Best Choice Ceramic Fountain product, which retail at a lower price point than the Smart Living Cascade Fountain product, are and/or have been causing Smart Living to suffer lost profits and price erosion.

**E.  Defendant's Copying of the Smart Living San Rafael Lantern Products**

67.     Defendant is and has been making, using, offering to sell, selling, and/or importing into the United States Item No. SKY2554 Best Choice Products Smart Hanging Solar Lantern Light LED Candle Mission Style ("Best Choice SKY2554 Lantern product") (shown in Exhibit 17).

68.     Upon information and belief, Defendant is and has been making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY2554 Lantern product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, and/or Walmart.com.

69.     Upon information and belief, the Best Choice SKY2554 Lantern product is advertised and promoted through the same or overlapping media as the Smart Living San Rafael products and in the same channels of trade.

70.     A side-by-side comparison of the Smart Living San Rafael II product (left side) and the Best Choice SKY2554 Lantern product (right side) is shown below:



**Smart Living San Rafael II**  **Best Choice SKY2554**
**Lantern product**     **Lantern product**

Additional side-by-side comparisons of the Smart Living San Rafael II Lantern product and the Best Choice SKY2554 Lantern product in Exhibit 18.

71.  Defendant's making, using, offering to sell, selling, and/or importing into the United States the Best Choice SKY2554 Lantern product—which, as seen above, appears to be a knock-off or imitation of the Smart Living San Rafael Lantern products—is damaging Smart Living's reputation as a retailer of high-quality lanterns and its standing in the marketplace.

**F. Defendant's False Advertising of the Best Choice SKY3258 Birdbath Product and the Best Choice SKY2532 Fountain Product**

72.  Defendant's advertising of the Best Choice SKY3258 Birdbath product and the Best Choice SKY2532 Fountain product is and/or has been false and misleading.

**i. Best Choice SKY3258 Birdbath Product**

73. Defendant's assertion in its advertising that the Best Choice SKY3258 Birdbath product is "[c]onstructed from glass fiber-reinforced concrete" (*see, e.g.*, Exhibit 9) is false and misrepresents that nature and quality of the Best Choice SKY3258 Birdbath product.

74. Upon information and belief, the Best Choice SKY3258 Birdbath product is constructed from resin, not glass fiber-reinforced concrete.

75. Defendant advertises other birdbath and fountains, including the Best Choice SKY3151 Birdbath product, as "[c]rafted of poly-resin material." *See, e.g.*, Exhibit 11. Upon information and belief, the Best Choice SKY3258 Birdbath product is made from the same or similar material as the Best Choice SKY3151 Birdbath product.

76. Smart Living's Country Gardens Birdbath product is made of glass-fiber reinforced concrete. *See, e.g.*, Exhibit 1. Upon information and belief, the Best Choice SKY3258 Birdbath product weighs less than the Smart Living Country Gardens Birdbath product.

77. Defendant caused its advertising of the Best Choice SKY3258 Birdbath product to enter interstate commerce. Upon information and belief, Defendant is and has been advertising the Best Choice SKY3258 Birdbath product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

**ii. Best Choice SKY2532 Fountain Product**

78. Defendant's assertion in its advertising that the Best Choice SKY2532 Fountain product is "[m]ade of glass fiber-reinforced concrete" (*see, e.g.*, Exhibit 13) is false and misrepresents that nature and quality of the Best Choice SKY2532 Fountain product.

79. Upon information and belief, the Best Choice SKY2532 Fountain product is made of resin, not glass fiber-reinforced concrete.

21

80.     Upon information and belief, the Best Choice SKY2532 Fountain product is made from the same or similar material as the Best Choice SKY3151 Birdbath product.

81.     Smart Living's Chatsworth Fountain product (Bronze) is made of glass-fiber reinforced concrete.  *See, e.g.*, Exhibit 3.  Upon information and belief, the Best Choice SKY2532 Fountain product weighs less than the Smart Living Chatsworth Fountain product (Bronze).

82.     Defendant caused its advertising of the Best Choice SKY2532 Fountain product to enter interstate commerce.  Defendant is and has been advertising the Best Choice SKY2532 Fountain product through its own website and/or through online marketplaces, such as Amazon.com, eBay.com, Walmart.com, and/or Sears.com.

*** 

83.     Long after the introduction and initial sales of the Smart Living Country Gardens Birdbath product, the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product, the Smart Living Cascade Fountain product, and the Smart Living San Rafael Lantern products, Defendant began selling the Best Choice SKY3258 Birdbath product, the Best Choice SKY3151 Birdbath product, the Best Choice SKY2532 Fountain product, the Best Choice Ceramic Fountain product, and the Best Choice SKY2554 Lantern product to the same classes of purchasers, in Illinois and in interstate commerce, to directly compete with Smart Living.  Such direct competition is likely to cause confusion among the relevant class of purchasers.

84.     Plaintiff has not authorized or licensed Defendant to use any of Plaintiff's intellectual property, including: the copyright in the design of the Smart Living Country Gardens Birdbath product, the copyright in the design of the Smart Living Portsmouth Birdbath product,

22

the trade dress for the Smart Living Country Gardens Birdbath product, the trade dress for the Smart Living Portsmouth Birdbath product, the trade dress for the Smart Living Chatsworth Fountain product, the trade dress for the Smart Living Cascade Fountain product, and the trade dress for the Smart Living San Rafael Lantern products.  Defendant has no right to use Plaintiff's intellectual property.

85.     On February 22, 2017, Smart Living sent Defendant a letter that requested that (i) Defendant stop infringing Smart Living's intellectual property rights associated with the Smart Living Portsmouth Birdbath product, the Smart Living Chatsworth Fountain product, and the Smart Living San Rafael Lantern product; and (ii) Defendant stop false advertising of the Best Choice SKY2532 Fountain product.  Defendant did not respond to the letter.

## COUNT ONE
### Federal Copyright Infringement
**(Infringement of Copyright in Design of
the Smart Living Country Gardens Birdbath Product)**

86.     As its first ground for relief, Smart Living asserts infringement under the Copyright Act, 17 U.S.C. § 101 et seq.  Smart Living incorporates paragraphs 1 to 85 as if set forth in full.

87.     Defendant has infringed Smart Living's copyright in the design of the Smart Living Country Gardens Birdbath product by violating the exclusive rights of Smart Living as provided in 17 U.S.C. § 106 or by importing copies into the United States in violation of 17 U.S.C. § 602.  Such copies include, but are not limited to, the Best Choice SKY3258 Birdbath product shown in Exhibit 9.

88.     Defendant has directly infringed Smart Living's copyright in the design of the Smart Living Country Gardens Birdbath product, among other activities, by the reproduction of the Smart Living Country Gardens Birdbath product or the importation of copies of the Smart

23

Living Country Gardens Birdbath product. Because Defendant sells and/or sold copies of the Smart Living Country Gardens Birdbath product to others who then either use or re-sell the copies, Defendant has contributorily infringed and/or induced infringement of Smart Living's copyright in the design of the Smart Living Country Gardens Birdbath product.

89. As indicated by a comparison of Exhibits 1, 9, and 10, and as shown in paragraph 50, an ordinary reasonable person would conclude that the Best Choice SKY3258 Birdbath product is substantially similar to and, indeed, is a substantial copy of, the Smart Living Country Gardens Birdbath product.

90. Defendant had access to the design of the Smart Living Country Gardens Birdbath product as a result of the widespread public distribution of the product by Smart Living. Upon information and belief, the design of the Best Choice SKY3258 Birdbath product was necessarily derived from the Smart Living Country Gardens Birdbath product.

91. Defendant also made marketing materials that display the Best Choice SKY3258 Birdbath product. Upon information and belief, such marketing materials are derived from the design of the Smart Living Country Gardens Birdbath product.

92. Defendant unlawfully copied the design of the Smart Living Country Gardens Birdbath product. Defendant's copying of the design of the Smart Living Country Gardens Birdbath product was willful and Defendant's actions constitute willful infringement of Smart Living's copyright.

93. Defendant's infringement, contributory infringement, and/or induced infringement has injured Smart Living, and Smart Living is entitled to recover damages adequate to compensate it for such infringement, but in no event less than statutory damages.

94.     Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

## COUNT TWO
### Federal Copyright Infringement
### (Infringement of Copyright in Design of
### the Smart Living Portsmouth Birdbath Product)

95.     As its second ground for relief, Smart Living asserts infringement under the Copyright Act, 17 U.S.C. § 101 et seq.  Smart Living incorporates paragraphs 1 to 94 as if set forth in full.

96.     Defendant has infringed Smart Living's copyright in the design of the Smart Living Portsmouth Birdbath product by violating the exclusive rights of Smart Living as provided in 17 U.S.C. § 106 or by importing copies into the United States in violation of 17 U.S.C. § 602.  Such copies include, but are not limited to, the Best Choice SKY3151 Birdbath product shown in Exhibit 11.

97.     Defendant has directly infringed Smart Living's copyright in the design of the Smart Living Portsmouth Birdbath product, among other activities, by the reproduction of the Smart Living Portsmouth Birdbath product or the importation of copies of the Smart Living Portsmouth Birdbath product.  Because Defendant sells and/or sold copies of the Smart Living Portsmouth Birdbath product to others who then either use or re-sell the copies, Defendant has contributorily infringed and/or induced infringement of Smart Living's copyright in the design of the Smart Living Portsmouth Birdbath product.

98.     As indicated by a comparison of Exhibits 2, 11, and 12, and as shown in paragraph 55, an ordinary reasonable person would conclude that the Best Choice SKY3151

Birdbath product is substantially similar to and, indeed, is a substantial copy of, the Smart Living Portsmouth Birdbath product.

99.     Defendant had access to the design of the Smart Living Portsmouth Birdbath product as a result of the widespread public distribution of the product by Smart Living. Upon information and belief, the design of the Best Choice SKY3151 Birdbath product was necessarily derived from the Smart Living Portsmouth Birdbath product.

100.     Defendant also made marketing materials that display the Best Choice SKY3151 Birdbath product. Upon information and belief, such marketing materials are derived from the design of the Smart Living Portsmouth Birdbath product.

101.     Defendant unlawfully copied the design of the Smart Living Portsmouth Birdbath product. Defendant's copying of the design of the Smart Living Portsmouth Birdbath product was willful and Defendant's actions constitute willful infringement of Smart Living's copyright.

102.     Defendant's infringement, contributory infringement, and/or induced infringement has injured Smart Living, and Smart Living is entitled to recover damages adequate to compensate it for such infringement, but in no event less than statutory damages.

103.     Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

**COUNT THREE**
**Federal Trade Dress Infringement**
**(Infringement of Trade Dress for the Smart Living Country Gardens Birdbath Product)**

104.     As its third ground for relief, Smart Living claims violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on trade dress infringement. Smart Living incorporates paragraphs 1 to 103 as if set forth in full.

105.     The Smart Living Country Gardens Birdbath product incorporates various non-functional elements as described in paragraph 29 which, when taken together, establish a unique and inherently distinctive trade dress.  Because of Smart Living's established use of its distinctive trade dress in connection with the Smart Living Country Gardens Birdbath product, the relevant public has come to associate the Smart Living Country Gardens Birdbath product as being exclusively Smart Living's, establishing secondary meaning in the trade dress.

106.     Defendant is and/or has been marketing and selling in the United States products that make unauthorized use of Smart Living's trade dress for the Smart Living Country Gardens Birdbath product.  Such products include, but are not limited to, the Best Choice SKY3258 Birdbath product (shown in Exhibit 9).

107.     As indicated by a comparison of Exhibits 1, 9, and 10, and as shown in paragraph 50, the overall look of the Best Choice SKY3258 Birdbath product is confusingly similar to the Smart Living Country Gardens Birdbath product.

108.     Defendant could have designed the Best Choice SKY3258 Birdbath product in any myriad of ways so as to fairly compete in the marketplace.

109.     Defendant intentionally copied and simulated Smart Living's trade dress by incorporating the same non-functional design features in the Best Choice SKY3258 Birdbath product, thereby providing the commercial impression that such goods emanate from and are associated with Smart Living.  Defendant's use of Smart Living's trade dress for the Smart Living Country Gardens Birdbath product was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Living.

110. Upon information and belief, Defendant had actual knowledge of Smart Living's ownership and prior use of the trade dress for the Smart Living Country Gardens Birdbath product when Defendant designed the Best Choice SKY3258 Birdbath product.

111. Upon information and belief, the Best Choice SKY3258 Birdbath product reflects Defendant's deliberate and willful copying and appropriation of the trade dress for the Smart Living Country Gardens Birdbath product without any commercial necessity, permission, legitimate reason, or explanation.

112. Defendant's use of Smart Living's trade dress for the Smart Living Country Gardens Birdbath product constitutes a false designation of origin in interstate commerce under 15 U.S.C. § 1125(a). Such use of Smart Living's trade dress for the Smart Living Country Gardens Birdbath product deceives, and is intentionally designed to deceive, the relevant public into believing that the Best Choice SKY3258 Birdbath product is in some manner affiliated, connected, or associated with Smart Living.

113. Smart Living's ability to use and continue expanding the use of its trade dress for the Smart Living Country Gardens Birdbath product in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of the trade dress.

114. Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

## COUNT FOUR
## Federal Trade Dress Infringement
### (Infringement of Trade Dress for the Smart Living Portsmouth Birdbath Product)

115.    As its fourth ground for relief, Smart Living claims violation of 15 U.S.C. §

1125(a), based on trade dress infringement.  Smart Living incorporates paragraphs 1 to 114 as if

set forth in full.

116.    The Smart Living Portsmouth Birdbath product incorporates various non-

functional elements as described in paragraph 31 which, when taken together, establish a unique

and inherently distinctive trade dress.  Because of Smart Living's established use of its

distinctive trade dress in connection with the Smart Living Portsmouth Birdbath product, the

relevant public has come to associate the Smart Living Portsmouth Birdbath product as being

exclusively Smart Living's, establishing secondary meaning in the trade dress.

117.    Defendant is and/or has been marketing and selling in the United States products

that make unauthorized use of Smart Living's trade dress for the Smart Living Portsmouth

Birdbath product.  Such products include, but are not limited to, the Best Choice SKY3151

Birdbath product (shown in Exhibit 11).

118.    As indicated by a comparison of Exhibits 2, 11, and 12, and as shown in

paragraph 55, the overall look of the Best Choice SKY3151 Birdbath product is confusingly

similar to the Smart Living Portsmouth Birdbath product.

119.    Defendant could have designed the Best Choice SKY3151 Birdbath product in

any myriad of ways so as to fairly compete in the marketplace.

120.    Defendant intentionally copied and simulated Smart Living's trade dress by

incorporating the same non-functional design features in the Best Choice SKY3151 Birdbath

product, thereby providing the commercial impression that such goods emanate from and are

associated with Smart Living. Defendant's use of Smart Living's trade dress for the Smart Living Portsmouth Birdbath product was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Living.

121. Upon information and belief, Defendant had actual knowledge of Smart Living's ownership and prior use of the trade dress for the Smart Living Portsmouth Birdbath product when Defendant designed the Best Choice SKY3151 Birdbath product.

122. Upon information and belief, the Best Choice SKY3151 Birdbath product reflects Defendant's deliberate and willful copying and appropriation of the trade dress for the Smart Living Portsmouth Birdbath product without any commercial necessity, permission, legitimate reason, or explanation.

123. Defendant's use of Smart Living's trade dress for the Smart Living Portsmouth Birdbath product constitutes a false designation of origin in interstate commerce under 15 U.S.C. § 1125(a). Such use of Smart Living's trade dress for the Smart Living Portsmouth Birdbath product deceives, and is intentionally designed to deceive, the relevant public into believing that the Best Choice SKY3151 Birdbath product is in some manner affiliated, connected, or associated with Smart Living.

124. Smart Living's ability to use and continue expanding the use of its trade dress for the Smart Living Portsmouth Birdbath product in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of the trade dress.

125. Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

30

## COUNT FIVE
### Federal Trade Dress Infringement
### (Infringement of Trade Dress for the Smart Living Chatsworth Fountain Product)

126.    As its fifth ground for relief, Smart Living claims violation of 15 U.S.C. §

1125(a), based on trade dress infringement.  Smart Living incorporates paragraphs 1 to 125 as if

set forth in full.

127.    The Smart Living Chatsworth Fountain product incorporates various non-

functional elements as described in paragraph 33 which, when taken together, establish a unique

and inherently distinctive trade dress.  Because of Smart Living's established use of its

distinctive trade dress in connection with the Smart Living Chatsworth Fountain product, the

relevant public has come to associate the Smart Living Chatsworth Fountain product as being

exclusively Smart Living's, establishing secondary meaning in the trade dress.

128.    Defendant is and has been marketing and selling in the United States products that

make unauthorized use of Smart Living's trade dress for the Smart Living Chatsworth Fountain

product.  Such products include, but are not limited to, the Best Choice SKY2532 Fountain

product (shown in Exhibit 13).

129.    As indicated by a comparison of Exhibits 3, 13, and 14, and as shown in

paragraph 60, the overall look of the Best Choice SKY2532 Birdbath product is confusingly

similar to the Smart Living Chatsworth Fountain product.

130.    Defendant intentionally copied and simulated Smart Living's trade dress by

incorporating the same non-functional design features in the Best Choice SKY2532 Fountain

product, thereby providing the commercial impression that such goods emanate from and are

associated with Smart Living.  Defendant's use of Smart Living's trade dress for the Smart

Living Chatsworth Fountain product was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Living.

131.    Upon information and belief, Defendant had actual knowledge of Smart Living's ownership and prior use of the trade dress for the Smart Living Chatsworth Fountain product when Defendant designed the Best Choice SKY2532 Fountain product.

132.    Defendant could have designed the Best Choice SKY2532 Fountain product in any myriad of ways so as to fairly compete in the marketplace.

133.    Upon information and belief, the Best Choice SKY2532 Fountain product reflects Defendant's deliberate and willful copying and appropriation of the trade dress for the Smart Living Country Chatsworth Fountain product without any commercial necessity, permission, legitimate reason, or explanation.

134.    Defendant's use of Smart Living's trade dress for the Smart Living Chatsworth Fountain product constitutes a false designation of origin in interstate commerce under 15 U.S.C. § 1125(a).  Such use of Smart Living's trade dress for the Smart Living Chatsworth Fountain product deceives, and is intentionally designed to deceive, the relevant public into believing that the Best Choice SKY2532 Fountain product is in some manner affiliated, connected, or associated with Smart Living.

135.    Smart Living's ability to use and continue expanding the use of its trade dress for the Smart Living Chatsworth Fountain product in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of the trade dress.

136.    Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

32

**COUNT SIX**
**Federal Trade Dress Infringement**
**(Infringement of Trade Dress for the Smart Living Cascade Fountain Product)**

137.     As its sixth ground for relief, Smart Living claims violation of 15 U.S.C. §

1125(a), based on trade dress infringement.  Smart Living incorporates paragraphs 1 to 136 as if

set forth in full.

138.     The Smart Living Cascade Fountain product incorporates various non-functional

elements as described in paragraph 35 which, when taken together, establish a unique and

inherently distinctive trade dress.  Because of Smart Living's established use of its distinctive

trade dress in connection with the Smart Living Cascade Fountain product, the relevant public

has come to associate the Smart Living Cascade Fountain product as being exclusively Smart

Living's, establishing secondary meaning in the trade dress.

139.     Defendant is and has been marketing and selling in the United States products that

make unauthorized use of Smart Living's trade dress for the Smart Living Cascade Fountain

product.  Such products include, but are not limited to, the Best Choice Ceramic Fountain

product (shown in Exhibit 15).

140.     As indicated by a comparison of Exhibits 4, 15, and 16, and as shown in

paragraph 65, the overall look of the Best Choice Ceramic Fountain product is confusingly

similar to the Smart Living Cascade Fountain product.

141.     Defendant intentionally copied and simulated Smart Living's trade dress by

incorporating the same non-functional design features in the Best Choice Ceramic Fountain

product, thereby providing the commercial impression that such goods emanate from and are

associated with Smart Living.  Defendant's use of Smart Living's trade dress for the Smart

Living Cascade Fountain product was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Living.

142.    Upon information and belief, Defendant had actual knowledge of Smart Living's ownership and prior use of the trade dress for the Smart Living Cascade Fountain product when Defendant designed the Best Choice Ceramic Fountain product.

143.    Defendant could have designed the Best Choice Ceramic Fountain product in any myriad of ways so as to fairly compete in the marketplace.

144.    Upon information and belief, the Best Choice Ceramic Fountain product reflects Defendant's deliberate and willful copying and appropriation of the trade dress for the Smart Living Cascade Fountain product without any commercial necessity, permission, legitimate reason, or explanation.

145.    Defendant's use of Smart Living's trade dress for the Smart Living Cascade Fountain product constitutes a false designation of origin in interstate commerce under 15 U.S.C. § 1125(a).  Such use of Smart Living's trade dress for the Smart Living Cascade Fountain product deceives, and is intentionally designed to deceive, the relevant public into believing that the Best Choice Ceramic Fountain product is in some manner affiliated, connected, or associated with Smart Living.

146.    Smart Living's ability to use and continue expanding the use of its trade dress for the Smart Living Cascade Fountain product in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of the trade dress.

147.    Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

34

## COUNT SEVEN
### Federal Trade Dress Infringement
**(Infringement of Trade Dress for the Smart Living San Rafael Lantern Products)**

148.     As its seventh ground for relief, Smart Living claims violation of 15 U.S.C. §

1125(a), based on trade dress infringement.  Smart Living incorporates paragraphs 1 to 147 as if

set forth in full.

149.     The Smart Living San Rafael products each incorporate various non-functional

elements as described in paragraph 37 which, when taken together, establish a unique and

inherently distinctive trade dress.  Because of Smart Living's established use of its distinctive

trade dress in connection with the Smart Living San Rafael products, the relevant public has

come to associate the Smart Living San Rafael products as being exclusively Smart Living's,

establishing secondary meaning in the trade dress.

150.     Defendant is and has been marketing and selling in the United States products that

make unauthorized use of Smart Living's trade dress for the Smart Living Cascade Fountain

product.  Such products include, but are not limited to, the Best Choice SKY2554 Lantern

product (shown in Exhibit 17).

151.     As indicated by a comparison of Exhibits 5, 6, 17, and 18, and as shown in

paragraph 70, the overall look of the Best Choice SKY2554 Lantern product is confusingly

similar to the Smart Living San Rafael Lantern products.

152.     Defendant intentionally copied and simulated Smart Living's trade dress by

incorporating the same non-functional design features in the Best Choice SKY2554 Lantern

product, thereby providing the commercial impression that such goods emanate from and are

associated with Smart Living.  Defendant's use of Smart Living's trade dress for the Smart

Living San Rafael products was and is likely to cause confusion, deception, and mistake as to source, sponsorship or affiliation with Smart Living.

153.    Upon information and belief, Defendant had actual knowledge of Smart Living's ownership and prior use of the trade dress for the Smart Living San Rafael products when Defendant designed the Best Choice SKY2554 Lantern product.

154.    Defendant could have designed the Best Choice SKY2554 Lantern product in any myriad of ways so as to fairly compete in the marketplace.

155.    Upon information and belief, the Best Choice SKY2554 Lantern product reflects Defendant's deliberate and willful copying and appropriation of the trade dress for the Smart Living San Rafael Lantern products without any commercial necessity, permission, legitimate reason, or explanation.

156.    Defendant's use of Smart Living's trade dress for the Smart Living San Rafael products constitutes a false designation of origin in interstate commerce under 15 U.S.C. § 1125(a).  Such use of Smart Living's trade dress for the Smart Living San Rafael products deceives, and is intentionally designed to deceive, the relevant public into believing that the Best Choice SKY2554 Lantern product is in some manner affiliated, connected, or associated with Smart Living.

157.    Smart Living's ability to use and continue expanding the use of its trade dress for the Smart Living San Rafael Lantern products in Illinois and throughout the United States in interstate commerce, is being substantially impaired by Defendant's use of the trade dress.

158.    Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

36

## COUNT EIGHT
### Federal False Advertising

159.    As its eighth ground for relief, Smart Living claims violation of 15 U.S.C. §

1125(a), based on false advertising.  Smart Living incorporates paragraphs 1 to 158 as if set forth

in full.

160.    Defendant's false and misleading claims that (i) the Best Choice SKY3258

Birdbath product is "[c]onstructed from glass fiber-reinforced concrete" and that (ii) the Best

Choice SKY2532 Fountain product is "[m]ade of glass fiber-reinforced concrete" each constitute

false advertising in violation of 15 U.S.C. § 1125(a).  These false and misleading claims have at

least been distributed through Defendant's own website from at least April 2017 to June 2017.

*See, e.g.*, Exhibits 9 and 13.

161.    Defendant's false and misleading claims described above deceived, or are likely

to deceive, a substantial segment of the consumers and retailers who purchase the Best Choice

SKY3258 Birdbath product and/or the Best Choice SKY2532 Fountain product.

162.    Defendant's acts described in this Count have damaged, and will continue to

damage, Smart Living.

163.    Defendant has willfully engaged in false advertising of the Best Choice SKY3258

Birdbath product and the Best Choice SKY2532 Fountain product.

164.    Defendant's acts described in this Count have caused, and will continue to cause

unless restrained by this Court, serious, irreparable injury for which Smart Living has no

adequate remedy at law.

## COUNT NINE
### Federal Unfair Competition

165.    As its ninth ground for relief, Smart Living claims violation of 15 U.S.C. §
1125(a), based on unfair competition.  Smart Living incorporates paragraphs 1 to 164 as if set
forth in full.

166.    Defendant's unauthorized use of Smart Living's trade dress described above
constitutes use of false designations of origin in interstate commerce.  These designations
wrongfully and falsely designates, describes, or represents the Best Choice SKY3258 Birdbath
product, the Best Choice SKY3151 Birdbath product, the Best Choice SKY2532 Fountain
product, the Best Choice Ceramic Fountain product, and the Best Choice SKY2554 Lantern
product ("Accused Trade Dress Products") as originating from, or being connected with, Smart
Living.  Such actions by Defendant were and are likely to cause confusion as to Defendant's
affiliation, connection, or association with Smart Living.

167.    Defendant has willfully engaged in acts of unfair competition.

168.    Defendant's acts described in this Count have caused, and will continue to cause
unless restrained by this Court, serious, irreparable injury for which Smart Living has no
adequate remedy at law.

## COUNT TEN
### Common Law Unfair Competition

169.    As its tenth ground for relief, Smart Living claims violation of the common law of
the State of Illinois with respect to unfair competition.  Smart Living incorporates paragraphs 1
to 168 as if set forth in full.

170.    Defendant's unauthorized use of Smart Living's trade dress described above
constitutes unfair competition in violation of Illinois common law.  Defendant's unauthorized

use of Smart Living's trade dress described above is designed to unfairly compete with and to usurp Smart Living's business in birdbaths, fountains, and lanterns, to the detriment of Smart Living.

171.     As a result of Defendant's unauthorized use of Smart Living's trade dress described above, Defendant has misappropriated valuable property rights of Smart Living, is trading on the goodwill symbolized by Smart Living's distinctive trade dress, and is thereby likely to confuse and deceive members of the relevant purchasing public, all in violation of the common law of Illinois.

172.     Defendant has willfully engaged in acts of unfair competition.

173.     Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

## COUNT ELEVEN
### Violation of the Illinois Deceptive Trade Practices Act

174.     As its eleventh ground for relief, Smart Living claims violation of the Uniform Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.  Smart Living incorporates paragraphs 1 to 173 as if set forth in full.

175.     By virtue of Defendant's unauthorized use of Smart Living's trade dress described above, Defendant has violated the Illinois Uniform Deceptive Trade Practices Act by passing off the Accused Trade Dress Products as goods of Smart Living; causing a likelihood of confusion or of misunderstanding among the public in Illinois as to the source, sponsorship, approval, or certification of the Accused Trade Dress Products by or with Smart Living; and representing that the Accused Trade Dress Products and Defendant have a sponsorship, approval, status, affiliation, or connection with Smart Living that they do not have.

39

176.    Defendant has willfully engaged in the trade practice of using trade dress for the Accused Products that is confusingly similar to Smart Living's trade dresses described above, knowing it to be deceptive.

177.    Defendant's acts described in this Count have caused, and will continue to cause unless restrained by this Court, serious, irreparable injury for which Smart Living has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

A.    A judgement that Defendant has infringed Smart Living's copyright in the design of the Smart Living Country Gardens Birdbath product.

B.    A judgment that Defendant has infringed Smart Living's copyright in the design of the Smart Living Portsmouth Birdbath product.

C.    A judgment that Defendant has infringed Smart Living's trade dress for the Smart Living Country Gardens Birdbath product, and in so doing, Defendant has also engaged in unfair competition and deceptive trade practices.

D.    A judgment that Defendant has infringed Smart Living's trade dress for the Smart Living Portsmouth Birdbath product, and in so doing, Defendant has also engaged in unfair competition and deceptive trade practices.

E.    A judgment that Defendant has infringed Smart Living's trade dress for the Smart Living Chatsworth product, and in so doing, Defendant has also engaged in unfair competition and deceptive trade practices.

F.      A judgment that Defendant has infringed Smart Living's trade dress for the Smart Living Cascade Fountain product, and in so doing, Defendant has also engaged in unfair competition and deceptive trade practices.

G.      A judgment that Defendant has infringed Smart Living's trade dress for the Smart Living San Rafael Lantern products, and in so doing, Defendant has also engaged in unfair competition and deceptive trade practices.

H.      A judgment that Defendant has falsely advertised the Best Choice SKY3258 Birdbath product.

I.      A judgment that Defendant has falsely advertised the Best Choice SKY2532 Fountain product.

J.      That Defendant be found to have acted willfully in its copyright infringement, trade dress infringement, false advertising, unfair competition, and deceptive trade practices.

K.      For a permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with it, who receive actual notice of the Order, from:

i.      Committing further acts of copyright infringement, trade dress infringement, false advertising, unfair competition, and deceptive trade practices described herein;

ii.      Manufacturing, having manufactured, importing, selling, offering to sell, or distributing the Best Choice SKY3258 Birdbath product, the Best Choice SKY3151 Birdbath product, the Best Choice SKY2532 Fountain product, the Best Choice Ceramic Fountain product, and the Best Choice SKY2554 Lantern product ("Accused Products") or any other infringing birdbaths, fountains, or lanterns;

41

      iii.      Advertising, displaying, marketing, or promoting birdbaths, fountains, bearing the copyright in the design of the Smart Living Country Gardens Birdbath product, the copyright in the design of the Smart Living Portsmouth Birdbath product, the trade dress for the Smart Living Country Gardens Birdbath product, the trade dress for the Smart Living Portsmouth Birdbath product, the trade dress for the Smart Living Chatsworth Fountain product, the trade dress for the Smart Living Cascade Fountain product, and/or the trade dress for the Smart Living San Rafael Lantern products; and

      iv.      Holding out in any manner whatsoever that Defendant or Defendant's birdbaths, fountains, and lanterns are in any way sponsored by, or associated or affiliated with Smart Living, or Smart Living's birdbaths, fountains, and lanterns.

      v.      Directly or indirectly using in commerce or disseminating to the marketplace any materials, labels, promotional materials, advertising, or other good containing any false and misleading statements described in this Complaint, or any advertising or labeling which communicates similar false and misleading messages.

L.      That, pursuant to 17 U.S.C. § 503, the Court order the impounding of all copies made or used in violation of Smart Living's copyrights, of all plates, molds, matrices, masters, or other articles by means of which such copies may be reproduced, and of all records documenting the manufacture, sale, or receipt of thing involved in any such violation, and that the Court order destruction of all copies made or used in violation of Smart Living's copyrights and all plates, molds, matrices, masters, or other articles by means of which such copies may be reproduced.

M.      That, pursuant to 15 U.S.C. § 1118, the Court direct Defendant to deliver up for destruction birdbaths, fountains, and lanterns and associated materials (including instructions, advertising materials, promotional and marketing materials brochures, catalogs, sell sheets, trade

show displays, prototypes, price lists, and photographs) and all means used for production thereof, that are in the possession, custody or control of Defendant and that bear any of the infringing designs, or that otherwise give rise to a likelihood of confusion, mistake, or deception with respect to Smart Living's trade dress; and that Defendant be ordered to modify accordingly the content of its website and other Internet-related marketing. Further, pursuant to 15 U.S.C. § 1118, the Court direct Defendant to deliver up for destruction all advertisements and other promotional materials and labels bearing or using the false and misleading advertising and labeling identified in this Complaint.

N.      That Defendant be required to inform, in writing, all of the retailers and distributors that have purchased the Accused Products about the infringement, and that Defendant: (i) be required to instruct such retailers and distributors in writing to immediately cease all sales and advertising of the Accused Products, (ii) seek a recall of all of the Accused Products that remain in such retailers' and distributors' inventory, and (iii) provide Smart Living with evidence of such communications.

O.      That Defendant be required to inform, in writing, all of the retailers and distributors that have purchased falsely labeled products described in this Complaint, reasonably designed to reach all people who may have purchased its falsely labeled products, to advise them of the mislabeling and false statements;

P.      That Smart Living be awarded monetary relief in an amount to be determined by the Court, including:

i.      Damages adequate to compensate Smart Living for the copyright infringement that has occurred, but in no event less than the damages as permitted by 17

U.S.C. §§ 412 and 504; and that such damages be increased because of the willful nature of Defendant's copyright infringement;

      ii.     Profits received by Defendant and/or damages sustained by Smart Living as a result of Defendant's trade dress infringement, false advertising, unfair competition, and its violations of Illinois and common law, and that such profits and/or damages be increased, due to the willful nature of Defendant's trade dress infringement, false advertising, unfair competition, and deceptive trade practices;

      iii.     Damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among relevant consumers and in the marketplace by virtue of Defendant's trade dress infringement, unfair competition, and deceptive trade practices;

      iv.     Punitive damages due to the willful nature of Defendant's actions;

      v.     Smart Living's reasonable attorneys' fees connected with this action, pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117;

      vi.     Smart Living's costs connected with this action; and

      vii.     Pre-judgment interest from the date the infringement began and post-judgment interest at the maximum rate permitted by law.

Q.     Such other and further relief as the Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Date:   September 29, 2017

/s/ Bradley J. Hulbert
Bradley J. Hulbert (ID No. 3127458)
Eric R. Moran (ID No. 6275549)
James L. Lovsin (ID No. 6303858)
MCDONNEL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Suite 3100
Chicago, IL 60606
Phone: (312) 913-0001
Facsimile: (312) 913-0002
hulbert@mbhb.com
moran@mbhb.com
lovsin@mbhb.com

*Attorneys for Plaintiff Smart Solar Inc. d/b/a Smart Living Home & Garden*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, a copy of the foregoing FIRST AMENDED

COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT,

FALSE ADVERTISING, AND UNFAIR COMPETITION was served via CM/ECF and/or

email, on the following counsel:

Zubair Khan
*zubair@trivedikhan.com*
Trivedi & Khan, LLP
118 N. Clinton Street, Suite 440
Chicago, IL 60661

Gregory Yoder
*greg@gregyoderlaw.com*
LAW OFFICE OF GREGORY YODER
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691

/s/ Bradley J. Hulbert
Bradley J. Hulbert (ID No. 3127458)
McDONNEL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Suite 3100
Chicago, IL 60606
Phone: (312) 913-0001
Facsimile: (312) 913-0002
hulbert@mbhb.com